UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-677-H

JPMORGAN CHASE BANK, N.A. and
J.P. MORGAN SECURITIES INC.                                                   PLAINTIFFS


V.


DONALD F. KOHLER, JR., JAMES K.
MILLER, JR., JERRY W. TYLER, JR.,
JACQUELINE M. CLAY, REGINA J.
HAMMEL, LOVELLA G. MCKIM and
GENE R. RICE                                                                  DEFENDANTS


**MEMORANDUM OPINION**


Plaintiffs, JPMorgan Chase Bank, N.A. and J.P. Morgan Securities Inc. (collectively, "JPMorgan") have moved for a preliminary injunction to prevent seven former employees, Donald F. Kohler, Jr., James K. Miller, Jr., Jerry W. Tyler, Jr., Jacqueline M. Clay, Regina J. Hammel, Lovella G. McKim and Gene R. Rice (collectively, "Defendants") from further initiating contact with or soliciting clients they serviced during the previous two years while employed by Plaintiff. The Defendants recently left employment at JPMorgan to begin work at Morgan Stanley Smith Barney LLC ("Morgan Stanley").

For the reasons stated here and in court, the Court concludes that actions here are sufficient to warrant a preliminary injunction prohibiting Defendants' further solicitation of Plaintiff's clients.

I.

In deciding whether to grant a preliminary injunction, the Court considers the following four factors: "(1) likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest." *Abney v. Amgen*, 443 F.3d 540 at 546 (6th Cir. 2005), quoting *Deja Vu of Nashville, Inc. v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 274 F.3d 377 (6th Cir. 2001). These factors are balanced against one another and are not prerequisites to the grant of a preliminary injunction. *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000).

The Court addresses three questions in resolving this case: 1) whether the customer data and customer lists Defendant provided to or used during their employment with Morgan Stanley are protected as trade secrets, 2) whether the actions of Defendants constitute misappropriation of JPMorgan's trade secrets and 3) whether Defendants' subsequent contact with the JPMorgan customers rose to the level of solicitation. The Court will address each issue in turn.

II.

The Kentucky Uniform Trade Secrets Act defines a trade secret as "information, including a formula, pattern, compilation, program, data, device, method, technique, or process, that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." KY. REV. STAT. ANN. § 365.880 (Michie 2002).

It appears Kentucky courts have not previously decided whether the customer list of a

2

financial services company constitutes a trade secret such that it would be protected under the Kentucky Uniform Trade Secrets Act.  Though counsel for both the Plaintiffs and Defendants cite the Sixth Circuit's decision in *ATC Distribution Group, Inc., v. Whatever It Takes Transmission & Parts, Inc.*, 402 F.3d 700, 714 (6th Cir. 2005) as support for their position, this Court finds it distinguishable from the case at hand.  At issue in *ATC* were the names of transmission parts customers that could have been obtained by searching through the automotive section of a telephone book.  *Id.*  The Sixth Circuit noted that the names of the individuals responsible for buying parts at each of the stores could have been discovered with a simple call to the shop selling the parts.  *Id.* at 15.  In contrast, the list of JPMorgan customers at issue in this case consists of wealthy investors whose business JPMorgan had cultivated over a period time.  No simple phone or Internet search would reveal their identities.  Though defense counsel urges that *ATC* governs this case because the JPMorgan employees merely wrote down the names of clients and later got their contact information from the Internet, the Court does not find that argument compelling.  Furthermore, it appears the weight of the authority on the issue of whether client lists are trade secrets weighs in favor of Plaintiffs, with many jurisdictions protecting lists similar to the ones in this case.

In addition to client lists, the Defendants also obtained more specific financial information about JPMorgan clients. As part of the negotiating process meant to secure employment with Morgan Stanley, Defendants provided that company with lists of financial detailed information (with the client names removed), regarding JPMorgan accounts. The lists included information about the net worth of the clients and what rates they were being charged. Such information clearly constitutes a "trade secret" under the Kentucky Uniform Trade Secrets

Act, in that it has potential economic value to JPMorgan's competitors and is not generally known to them. KY. REV. STAT. ANN. § 365.880 (Michie 2002).

As for the second question, it is clear that the Defendants' transmission to Morgan Stanley of both the accumulated names of JPMorgan clients and the JPMorgan client account information with the client names removed constitutes a misappropriation of a trade secret.

On the third issue, the Court concludes that the cumulative actions taken by Defendants in contacting their former clients constitute "solicitation" and thus breach the agreements Defendants executed with JPMorgan. The testimony showed that Defendants sent a mailer to their former JPMorgan clients and later called them to let them know about their move from JPMorgan. This Court finds it unlikely that the subject of such calls was anything other than an attempt to solicit the business of JPMorgan clients.

The Court has entered an order consistent with this Memorandum Opinion.

September 8, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc:     Counsel of Record